WILLIAM R. KANE, PLAINTIFF, v. ESSANAY FILM MANUFACTURING COMPANY, DEFENDANT.

Submitted November 18, 1922—Decided March 8, 1923.

The statute relating to substituted service of process on a foreign corporation doing business in this state which provides that such corporation shall designate an agent upon whom process may be served, or if he die, resign or cannot with due diligence be found, then upon the secretary of state, is only applicable to suits relating to business transactions carried on in this state and not to causes of action arising in other states.

---

On rule to show cause.

Before Justices BERGEN and MINTURN.

For the rule, *McCarter & English* and *W. M. Seabury* (of the New York bar).

*Contra,* Alexander M. MacLeod.

The opinion of the court was delivered by

BERGEN, J.   This is a rule to show cause why a judgment by default should not be opened and the service of the complaint upon the defendant, a corporation of the State of Illinois, vacated.   The testimony taken under the rule shows that the defendant is a foreign corporation; that the plaintiff having recovered a judgment in this state for the sum of $20,000 against the defendant by default, notified defendant that he had recovered such a judgment and was willing to settle, provided the defendant pay him $16,000; that this notice was the first knowledge that the defendant had of either the commencement of the suit, or of the judgment therein;  that the service of the summons and complaint was made by serving a copy thereof on the Secretary of State of New Jersey who caused a copy to be mailed to one Durant Church, as agent of the defendant, at an address in the city of Newark, New Jersey; that the letter containing the summons was returned to the Secretary of State by the postal officials because they said Church could not be found, and the summons has since remained on file in the Department of State of this state; that the defendant is not now, and never was, engaged in any business in the State of New Jersey, the alleged cause of action, if any, having arisen either in the State of New York or in the city of Chicago; that defendant has not nor ever had maintained an office for the regular transaction of its business in the State of New Jersey; that on the 21st day of December, 1910, it filed in the office of the Secretary of State a statement required by the statute to enable it thereafter to transact business in this state, and designated Church as its agent upon whom process might be served, although it did not then or thereafter transact any business in this state; that the defendant, having no notice of the institution of the suit, did not file any answer and the judgment recovered was entered because of that default.   Our statute, section 43 of "An act concerning corporations" (*Comp. Stat., p.* 1625), provides that every domestic corporation and foreign corporation doing business within

this state shall file a report stating certain facts recited in the statute. Section 43*a* provides that in case any foreign corporation authorized to transact business in this state shall fail to file such a report, or if the agent designated upon whom process may be served shall die, or resign, or remove from the state, or such agent with due diligence cannot be found, it shall be lawful, while such default continues, to serve process against such corporation upon the Secretary of State, such service to be as effective as if served upon the president or head officer of said corporation.

The argument in support of this rule to show cause is based upon the claim that this act does not apply to a corporation not doing business in this state, and therefore in this case no cause of action arose here. This we are inclined to think is sound in law. In the case of *Meisukas* v. *Greenough Co.*, 244 *U. S.* 54, it was held by Chief Justice White, that a similar motion, based on the ground that the defendant corporation was not doing business or possessed property in the state, or on want of representative capacity in the person served, was the proper method of attack. In that case it did not appear to be questioned that if the defendant was not doing business in the State of New York the motion to quash should prevail, the argument being that this right had been waived by pleading to the merits, but the Chief Justice held that this did not amount to a waiver, and that the writ was properly quashed. The Supreme Court of the United States also held in *Philadelphia and Reading Railway Co.* v. *McKibbin*, 243 *Id.* 264, that a foreign corporation is amenable to process to enforce a personal liability, in the absence of consent, only if it is doing business within the state in such manner and to such extent as to warrant the inference of its presence there. In that case the summons was served on defendant's president while he was passing through New York, engaged exclusively on personal matters not connected with the company's affairs, and the motion to set aside the service was denied "upon the sole ground that the facts stated in the affidavits show defendant is doing

business within the State of New York, so as to be subject to process in said state," and that conclusion was affirmed. Mr. Justice Lamar, speaking for the Supreme Court of the United States in *Simon* v. *Southern Railway,* 236 *Id.* 116, admitting the right of a state to provide for service of process upon any foreign corporation doing business therein, to require the appointment of agents on whom process might be served and on default to designate an officer of the state for such purpose, said: "But this power to designate by statute the officer upon whom service in suits against foreign corporations may be made relates to business transactions within the jurisdiction of the state enacting the law. Otherwise, claims on contracts wherever made, and suits for torts wherever committed, might by virtue of such compulsory statute be drawn to the jurisdiction of any state in which the foreign corporation might at any time be carrying on business."

The statute requires the Secretary of State to mail to the corporation at its registered office a copy of the process within two days after service. This was not done, and to say that under all the circumstances defendant had no relief from a judgment of $20,000 against it, when it appears it has at least disclosed a defence with merits, would be a travesty on the administration of justice. We are of the opinion that the right to serve process on the Secretary of State of New Jersey as the agent of a foreign corporation only arises when the foreign corporation is sought to be made liable for an act which arose out of the transaction of business in this state, and that the statute has no reference to any other character of liability as to foreign corporations, therefore the rule to show cause should be made absolute, the judgment opened, and the service of process set aside.